**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DETRICK D. CROSTON,                                                                                      PLAINTIFF
ADC #131172

v.                                           5:14CV00008-BSM-JJV

GREG SOCIA, Captain, Maximum
Security Unit, ADC; *et al*.                                                                         DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a

1

hearing is granted) was not offered at the hearing before the Magistrate Judge.
\

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. INTRODUCTION

Detrick Croston, a state inmate incarcerated at the Varner Unit of the Arkansas Department of Correction (ADC), filed this action *pro se* pursuant to 42 U.S.C. § 1983. He alleges Defendant Socia used excessive force against him by improperly spraying him with excessive amounts of pepper spray during an incident which occurred September 21, 2013.(Doc. No. 4.)[1]

Before the Court is Defendant's Motion for Summary Judgment (Doc. Nos. 29-31), to which Plaintiff has responded. (Doc. No. 35.) Accordingly, the matter is ripe for

---

[1] Defendants Straughn, Eason, Johnson, Jones, Young, and Welcher were dismissed on February 25, 2014, for failure to state a claim upon which relief may be granted. (Doc. No. 12.)

disposition.

## II.   SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial."  *Id*. at 1135 (citations omitted).  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id*.

Having reviewed the parties' submissions, the Court finds that even accepting Plaintiff's allegations as true, Defendant is entitled to qualified immunity from liability for the following reasons.

First, the Court agrees with Defendant that he is entitled to sovereign immunity with respect to Plaintiff's monetary claims against him in his official capacity.  *Will v. Michigan*

3

*Dept. Of State Police*, 491 U.S. 58, 65 (1989); *Murphy v. State of Arkansas*, 127 F.3d 750, 755 (8th Cir. 1997). Second, the Court agrees that Defendant is entitled to qualified immunity with respect to Plaintiff's allegations against him in his individual capacity, because the allegations do not establish the violation of a constitutional or statutory right.

Qualified immunity protects officials who acted in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether a defendant is entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[2] Defendants are entitled to

---

[2] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583

4

qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

In his deposition, Plaintiff stated he was taken out of his cell by two officers on September 21, 2013, and moved to a small one-man holding shower cell. (Doc. No. 30-1 at 6-7.) During this time, Defendant Socia searched Plaintiff's cell and then returned to the shower cell and asked Plaintiff to strip. (*Id.* at 7.) Plaintiff handed his clothes to Socia one at a time, pulled a cell phone out of his boxers, and broke it into pieces before handing it over to Socia. (*Id.*) This angered Socia, who sprayed Plaintiff with mace for eight to nine seconds without warning, but left the area when some of the mace hit him in the face. (*Id.* at 8-9.) Another officer and inmate porter poured water and milk over Plaintiff to decontaminate him. (*Id.* at 10-11.) Socia never returned to the cell and never further harmed Plaintiff. (*Id.* at 19.)

Plaintiff denied that he refused to give Socia the phone; rather, he broke it and the SIM card into pieces before handing them over. (*Id.* at 37-38.) He was surprised when Socia sprayed him without justification, but claimed Socia had been harassing him about another investigation. (*Id.* at 39.) Plaintiff also states in his Response to the Motion that Socia continued to spray chemical agent on him after Plaintiff threw the last piece of the phone out of the cell, and had his back turned to Socia. (Doc. No. 35 at 2-3.)

In his Affidavit, Socia stated that he found a homemade battery pack while conducting a search of Plaintiff's cell. (Doc. No. 30-1 at 1.) He then walked to the shower area and ordered Plaintiff to strip for a search of his person, revealing an illegal cell phone. (*Id.*)

---

F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

When Plaintiff threatened to spit on Socia, Socia warned him that if he did, he would use a chemical agent. (*Id.* at 2.) Despite the warning, Plaintiff tried to spit on Socia, so Socia sprayed him in the face. (*Id.*) Plaintiff then broke the phone in half and put the SIM card in his mouth. (*Id.*) After continuing to refuse orders to turn over the items, Socia sprayed Plaintiff with another one-second burst of chemical agent, causing Plaintiff to throw the phone and SIM card out of the shower onto the floor. (*Id.*) Socia confiscated them as contraband and Plaintiff was allowed to decontaminate in the shower. (*Id.*) He was treated by medical staff and taken back to his cell. (*Id.*) Plaintiff later was convicted of failing to obey a staff order, possession/introduction/use of a cell phone, and assault-attempt upon staff. (*Id.*)

Socia states that his purpose during the incident was to confiscate the phone from Plaintiff before he could destroy it, so that he could investigate the source of the phone and the identity of persons who used it. (*Id.* at 3.) By intentionally destroying the phone, Plaintiff destroyed evidence necessary to help ADC prevent the trafficking of contraband in the prison. (*Id.*) The Warden conducted a review of the incident after Plaintiff filed a grievance and accused Socia of excessive force, and found no evidence to substantiate the allegations. (*Id.*)

To support a claim for excessive force against Defendant, Plaintiff must prove that Defendant acted "maliciously and sadistically to cause harm." *Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002.)  Factors to consider in determining whether the force used was reasonable are "whether there was an objective need for force, the relationship between any

6

such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury." *Id*. In this case, Plaintiff does not deny in his Response that he threatened to spit on Socia, or that he acted as if he were going to spit on him. He also never denied that he improperly possessed contraband. The main dispute of fact seems to be whether Socia warned Plaintiff that he would spray him, whether Plaintiff refused Socia's order to hand over the phone, and whether Socia continued to spray Plaintiff in the back after he threw the remaining parts of the phone out of the cell. However, even assuming those facts as set forth by the Plaintiff, the Court finds that Socia acted reasonably to prevent Plaintiff from spitting on him and to attempt to retrieve the cell phone in one piece. Plaintiff's undisputed actions in destroying the phone and the SIM card prior to handing it to Socia created a hostile environment, and the force used in spraying Plaintiff was pursuant to a reasonably perceived threat.[3]

Therefore, upon close review of the evidence in support of Defendant's Motion, and Plaintiff's Response in which he does not deny threatening to spit on Socia or destroying the phone, the Court finds that Defendant acted reasonably under the circumstances. No reasonable fact finder could find that the facts alleged or shown, construed in the light most

---

[3]Plaintiff states that genuine issues of material fact remain and that he has attempted to obtain statements from inmate and employee witnesses. He asks the Court to refrain from ruling on Defendants' Motion until he is able to obtain this information. However, as the Court noted above, even assuming Plaintiff's version of facts as true, given that he has not specifically denied several aspects of his conduct on that date, the Court finds Defendant's actions were reasonable and not violative of his constitutional rights.

favorable to Plaintiff, established a violation of a constitutional or statutory right.

## III.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Defendant's Summary Judgment Motion (Doc. No. 29) be GRANTED, and Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO ORDERED this 11th day of December, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE